146

Richard B. HENRY, Plaintiff,

v.

GREENVILLE AIRPORT COMMISSION;
O. L. Andrews, Manager, Greenville
Municipal Airport; Olin H. Spann,
Chairman, Greenville Airport Commission, and Charles E. Robinson, Jr., Aug.
W. Smith, Edward McGrady, William
B. Coxe, Members of the Greenville Airport Commission, Defendants.

Civ. A. No. 2491.

United States District Court
W. D. South Carolina,
Greenville Division.

Feb. 18, 1961.

Lincoln C. Jenkins, Jr., Jenkins & Perry, Columbia, S. C., for plaintiff.

Thomas A. Wofford, Greenville, S. C., for defendant.

TIMMERMAN, District Judge.

This case is before this Court a second time, at the instance of the plaintiff and the Circuit Court of Appeals, for a preliminary injunction against the defendants. See Henry v. Greenville Airport Commission et al., 4 Cir., 1960, 284 F.2d 631, which reversed the district court's order entered October 19, 1960.

On the first hearing of the motion an injunction was denied on the grounds: first, there was no showing that plaintiff would suffer irreparable injury if a preliminary injunction was not issued; and, second, that the injunction would change the status quo.

It is true that plaintiff testified that he might have an occasion to return to the defendant Airport, if he retained his employment and were ordered back to Greenville. Since the plaintiff appeared to be a person of middle age and he had never been to Greenville before the incident about which he complains, this Court then concluded that there was no showing that warranted the issuing of an injunction. All that was offered to support the application was a mere surmise. Although the complaining party was a negro the showing seemed insufficient. Then, too, this Court overlooked the new rule of deductive evidence enunciated in Henry v. Greenville Airport Comm., 4 Cir., 279 F.2d 751, 752 (2nd column), where it is said:

> "From the *allegation* that he was directed to a separate waiting room maintained for colored people, it is fairly inferable that other negroes had been similarly treated". (Emphasis added.)

That holding has the appearance of a groping after a plausible excuse for according preferential treatment to some class. However, appellate court rulings, with which this Court heartily disagrees, are nevertheless binding and must be followed until they are abandoned or are otherwise legally dispensed with.

The views of this Court concerning the merits of this case are fully set forth in Henry v. Greenville Airport Commission, 175 F.Supp. 343. However, recognizing the binding effect of the mandate of the Fourth Circuit Court of Appeals, it is ordered and adjudged:

That the defendants, "pending the final disposition of the case", be and they are hereby restrained "from making any distinction based upon color in regard to services at the Greenville Municipal Airport".